IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD DARRIN COMBS, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:17-cv-1302-L (BT) |
| § | |
| LORIE DAVIS, *Director* TDCJ-CID § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Ronald Darrin Combs, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting cause of action to the United States magistrate judge for pretrial management, pursuant to 28 U.S.C. § 636(b) and Special Order 3-251. For the following reasons, the magistrate judge recommends the petition be denied.

I.

A jury found Petitioner guilty of aggravated assault with a deadly weapon, enhanced, and sentenced him to fifty years in prison. *State of Texas v. Ronald Darrin Combs*, No. 39840CR (40th Jud. Dist. Ct., Ellis County, Tex., April 7, 2015). The Tenth District Court of Appeals affirmed Petitioner's conviction and sentence. *Combs v. State*, No. 10-15-00172-CR (Tex. App. – Waco, pet ref'd). The Court of Criminal Appeals refused his petition for discretionary review. Petitioner also filed a state habeas petition, *Ex parte Combs*, No. 86,326-01, which the Court of Criminal Appeals denied without written order.

1

Petitioner then filed the instant § 2254 petition, arguing:

1) He received ineffective assistance of counsel when trial counsel:

    (a) failed to inform him of his right to sever the charged offenses so that they would be tried separately;

    (b) failed to object to the deadly weapon language in the jury charge;

    (c) failed to object that the knife was seized without a search warrant;

    (d) failed to object that his arrest was unlawful because officers did not have an arrest warrant;

    (e) failed to object to the prosecution's closing argument;

    (f) failed to interview a witness before calling her to testify;

    (g) failed to object to the trial court's response to jury questions;

    (h) failed to object to the use of his prior injury to a child conviction as an enhancement;

2) Appellate counsel failed to raise claims on appeal; and

3) The trial court violated Petitioner's rights by refusing to poll the jury regarding their deadly weapon finding.

## II.

The following facts are taken from the state appellate decision.

> Cammie Holley moved in with Appellant at the end of October 2013. She testified that a few weeks later, appellant started getting "mean" with her and started to threaten her. Appellant told Holley he would "knock [her] teeth out" and "crack [her] skull," and "leave [her] body in the ditch." Holley testified that on November 24, 2013, Appellant became angry and assaulted her for several hours. Appellant hit Holley in the head, face, body, shoulder, stomach, and back. Holley testified that Appellant put a knife to her throat and threatened to kill

2

her and leave her body in the ditch. Holley eventually escaped and called 911.

Officer Michael Richardson responded to the 911 call. Holley told Officer Richardson that her boyfriend assaulted her and threatened her with a knife. Deputy Hunter Barnes also arrived on the scene. Holley told Deputy Barnes that Appellant held a knife to her face and threatened to kill her. Deputy Barnes found Appellant passed out inside of the residence, and he had the odor of alcohol on his person. Deputy Barnes found a knife matching the description given by Holley within reach of Appellant.

*Combs v. State*, No. 10-15-00172-CR, 2016 WL 675389, at *1 (Tex. App.—Waco Feb. 18, 2016, pet. ref'd).

### III.

1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

3

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

2. Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

4

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

    A.    Severance

Petitioner claims his counsel failed to inform him that he had a right to sever the paragraphs in the indictment and seek two different trials. Petitioner's indictment charged:

> [O]n or about November 25, 2013, . . . RONALD DARRIN COMBS
>
> PARAGRAPH 1
>
> did then and there intentionally, knowingly, or recklessly cause bodily injury to Cammie Holley by striking her with his hand and/or fist, and the defendant did then and there us or exhibit a deadly weapon, to wit: a knife, during the commission of said assault,
>
> PARAGRAPH 2
>
> did then and there intentionally or knowingly threaten Cammie Holley with imminent bodily

> injury by threatening to kill her, or by holding a knife up against her fact and/or throat and did then and there use or exhibit a deadly weapon, to wit: a knife, during the commission of said assault[.]

(ECF No. 20-3 at 8.)

Under Texas Penal Code § 3.04, "[w]henever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses." However, Petitioner's indictment did not charge two or more offenses. Instead, it alleged two different theories of committing the single offense of aggravated assault under Texas Penal Code § 22.02(a)(1) and (a)(2). When, as here, an indictment charges different theories of committing the same offense, a defendant is not entitled to severance. *See Graham v. State*, 19 S.W.3d 851, 853 (Tex. Crim. App. 2000); *Roberson v. State*, 2002 WL 34217382 (Tex. Crim. App. 2007). Petitioner's claim of ineffective assistance of counsel should be denied.

### B. Jury Instruction

Petitioner claims his counsel should have objected to the jury charge's deadly weapon instruction because the evidence was insufficient to show that the knife was used as a deadly weapon. Specifically, the charge provided:

> [I]f you find from the evidence beyond a reasonable doubt that on or about the 25th day of November, 2013, in Ellis County, Texas, the defendant, RONALD DARRIN COMBS, did then and there intentionally or knowingly threaten Cammie Holley with imminent bodily injury, and did then and there use or exhibit a deadly weapon,

6

> to-wit: a knife, during the commission of said assault, as alleged in the Indictment, then you will find the defendant guilty of Aggravated Assault with a Deadly Weapon as charged in the indictment.

(ECF No. 20-3 at 97.)

Improper jury instructions in state criminal trials rarely form the basis for federal habeas relief. *Galvan v. Cockrell,* 293 F.3d 760, 764 (5th Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991)). When reviewing jury instructions in federal habeas cases, "[t]he only question . . . is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Hughes v. Johnson,* 191 F.3d 607, 627 (5th Cir. 1999) (quoting *Weeks v. Scott*, 55 F.3d 1059, 1065 (5th Cir. 1995)).

Here, Petitioner has failed to establish a due process violation. The charge included the statutory definition of a deadly weapon found at Texas Penal Code § 1.07(a)(17)(B). (*See* ECF No. 20-3 at 96.) (stating a deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.")  The jury charge also tracked the indictment. (*See* ECF No. 20-3 at 97.) When the jury charge properly tracks the indictment, the Texas Court of Criminal Appeals has found no jury charge error. *Willis v. State*, 669 S.W.2d 728, 729 (Tex. Crim. App. 1984); *Pryne v. State*, 881 S.W.2d 593, 597–98 (Tex. App. – Beaumont 1994, pet. ref'd); *Scoggins v. Thaler*, 2009 WL 4059155 *6 (W.D. Tex. Nov. 20, 2009) (same). Petitioner's claim should be denied.

C.     Arrest

Petitioner argues his counsel was ineffective for failing to object to his warrantless arrest. Petitioner states there was no evidence at trial that Cammie Holley gave consent to search the camper where she and Petitioner were living together, and there were no exigent circumstances to enter the camper.

Under Texas law, where an officer has probable cause to believe a person has committed a family violence offense, the officer may make a warrantless arrest. *See* Tex. Code Crim. Proc. Art. 14.03(a)(4) (West 2013); *see also Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). Here, Holley testified she lived in the camper with Petitioner, and that she was Petitioner's girlfriend. (ECF No. 20-6 at 117.) Deputy Barnes, the responding officer, testified Holley informed him that Petitioner had threatened her life, beat her, and held a knife against her throat. (*Id.* at 82-84.) Officers therefore had probable cause to make a warrantless arrest of Petitioner for family violence assault. *See* Tex. Code Crim. Proc. Art. 5.02; Tex. Fam. Code Art. 71.004, 71.005 (stating family violence applies to dating relationships and members of a household).

Further, a person who resides in a residence may consent to an officer's warrantless entry into the residence to make an arrest. *See* Tex. Code Crim. Proc. Art. 14.05. Although Petitioner argues there was no evidence that Holley gave consent for officers to enter the camper, Respondent states she gave implied consent to the officers.

8

The Texas Court of Criminal Appeals has held that implied consent is an exception to the warrant requirement. The court stated:

> We therefore hold that when a crime is reported to the police by an individual who owns or controls the premises to which the police are summoned, and that individual either states or suggests that it was committed by a third person, he or she implicitly consents to a search of the premises reasonably related to the routine investigation of the offense and the identification of the perpetrator. As long as the individual is not a suspect in the case or does nothing to revoke his consent, the police may search the premises for these purposes, and evidence obtained thereby is admissible.

*Brown v. State*, 856 S.W.2d 177, 182 (Tex. Crim. App. 1993) (en banc); *see also*, *Gutierrez v. State*, 2006 WL 1787990 at *4 (Tex. App. – El Paso 2006); *Rogers v. State*, 2001 WL 1155697 at *1-2 (Tex. App. – Tyler 2001, pet. ref'd) (per curiam).

Here, Holley resided in the camper and therefore controlled the premises. She contacted police to report being assaulted by Petitioner and told police that Petitioner was in the camper. Petitioner has failed to establish that the state court's denial of this claim was unreasonable.

D.  Motion to Suppress

Petitioner next claims his counsel should have filed a motion to suppress the knife because it was obtained without a search warrant. Respondent argues, *inter alia*, that seizure of the knife was proper under the plain view doctrine.

The plain view doctrine requires that: "(1) officers see an item in plain view at a vantage point where they have the right to be, and (2) it is immediately

9

apparent that the item seized constitutes evidence – that is, there is probable cause to associate the item with criminal activity." *Martinez v. State*, 17 S.W.3d 677, 685 (Tex. Crim. App. 2000) (en banc) (citing *Ramos v. State*, 934 S.W.2d 358, 365 (Tex. Crim. App. 1996)).

Here, the plain view doctrine applies to seizure of the knife. Cammie Holley testified she told officers that Petitioner had threatened her with a knife, and that he was in the camper. (ECF No. 20-6 at 84.) Deputy Barnes testified that when he arrived at the camper, the door was open, and he could see inside the camper. (*Id.* at 92.) Deputy Barnes stated that when he looked inside, he saw Petitioner, who looked like he was asleep, and that he saw the knife within Petitioner's reach. (*Id* at 92-94.) Petitioner has failed to show that the state court's denial of this claim was unreasonable.

    E.    Closing Arguments

Petitioner claims counsel failed to object when the prosecutor vouched for Holley's credibility twice during closing arguments.

In his first claim, Petitioner objects to the following statements by the prosecutor:

> And let me tell you, when this defendant held the knife to Cammie's face and throat after he had brutally beat her, punched her several times in the eyes, in the face, in the arm, in the leg, you can infer that he knew what the result of his conduct would be when he pulled the knife and told her "I'm going to kill you and I'm going to throw your body in the ditch." So, you not only can infer it from his actions, you can infer it from his words, the words he

10

> used when he threatened Cammie with imminent bodily injury. And you know it was imminent because she told you how scared she was.

(ECF No. 20-7 at 54.) Petitioner has failed to establish ineffective assistance counsel. It is not misconduct for a prosecutor to argue what he or she believes the evidence has showed. *Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987). Here, the prosecutor's statements tracked the testimony of the complainant. This claim should be denied.

Petitioner also argues counsel should have objected when the prosecutor stated:

> I'm not here to pressure you for a guilty verdict, I just want you to do the right thing, and just like Mr. Jenkins said, he and I were talking beforehand, I didn't sleep last night and the reason why I didn't sleep, I kept thinking about what that woman was going through because I believed her. I continuously kept thinking about how he wouldn't let her go to the bathroom. She begged him, "I need to go to the bathroom." "No, go use the toilet that has no running water." How dehumanizing is that. This is a pretty sad case.

(ECF No. 20-07 at 71.)

Under Texas law, proper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 404 (Tex. Crim. App. 1984)). It is generally improper for a prosecutor to make a personal assertion that vouches for the

11

credibility of a witness. *United States v. Gracia*, 522 F.3d 597, 601 (5th Cir. 2008). A prosecutor may not vouch for the credibility of a witness in a way that "might reasonably lead the jury to believe that there is other evidence, unknown or unavailable to the jury, on which the prosecutor was convinced of the accused's guilt." *United States v. McCann*, 613 F.3d 486, 495 (5th Cir. 2010) (quoting *United States v. Ellis*, 547 F.2d 863, 864 (5th Cir. 1977)).

 Although the prosecutor's comment that she believed Holley may have been improper, Petitioner has failed to show his counsel was constitutionally ineffective. Under *Strickland*, there is a strong presumption that the performance of counsel "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner must therefore overcome the presumption, that, "the challenged action 'might be considered sound trial strategy.'" *Id*. The Fifth Circuit has stated that "[s]ince an objection may tend to emphasize a particular remark to an otherwise oblivious jury, the effect of objection may be more prejudicial than the original remarks." *Walker v. United States,* 433 F.2d 306, 307 (5th Cir.1970); *see also Charles v. Thaler,* 629 F.3d 494, 502 (5th Cir.2011) (explaining that there is "no constitutional rule that counsel must make, or not overlook, every possible objection to unfavorable testimony").

 Further, Petitioner has failed to show the required *Strickland* prejudice. He has failed to establish that but for his counsel's failure to object to the

12

prosecutor's comments, there is a reasonable likelihood that the result of the trial would have been different. He has therefore failed to show that the state court's denial of this claim was unreasonable.

F. Everlyn Allen

Petitioner claims his counsel failed to interview and properly prepare his mother, Everlyn Allen, as a defense witness. Petitioner states counsel attempted to use Allen's testimony to show that Petitioner was nonviolent, but on cross-examination his mother admitted that Petitioner had kicked out her car window.

Petitioner has failed to establish that trial counsel did not interview his mother prior to trial. He has submitted no affidavit from his mother or other evidence to substantiate his claim. Further, although Petitioner's mother testified that Petitioner had kicked out her car window when he was about seventeen years old, other trial testimony stated Petitioner was "in his 40s" at the time of the assault on complainant. (ECF No. 20-6 at 199; ECF No. 20-7 at 42.) Counsel may have determined that due to the remoteness in time between the two incidents, it would be beneficial to have Petitioner's mother testify regarding Petitioner's positive attributes, and her understanding of Cammie Holley's negative attributes. Petitioner's mother testified regarding Petitioner's work history, and stated Petitioner was actively involved with raising his child, and that he was respectful. (ECF No. 20-7 at 9-11.) She also testified Holley did not clean up after herself, was "nasty," and that Holley "went crazy" when she was told to move out

13

of the camper. (*Id.* at 14-15.) Petitioner's mother also stated that, on the day of the assault, Holley shoved her out of the camper. (*Id.* at 31-32.) Petitioner has failed to establish ineffective assistance of counsel.

    G.    Jury Questions

Petitioner argues his counsel failed to object to the trial court's responses to two jury questions. The jury sent the following questions to the court: (1) "If we can't agree he threatened her with the knife, where are we?"; and (2) "Can we continue thinking his fist is a deadly weapon?" (ECF No. 20-7 at 83.)

In response to the questions, the court responded:

> Members of the Jury, your "verdict" must be unanimous. Regarding the "deadly weapon" matter expressed in your note, you have received all of the law that applies to this case and further comment in response to your note is not permitted under Texas law. Please read the "Charge of the Court." Please continue to deliberate.

(*Id.*at 83-84.)

The trial court referred the jurors to the law contained in the charge, which included the statutory definition of a "deadly weapon." Petitioner also does not allege that the charge incorrectly stated the elements the State needed to prove to find him guilty. Petitioner has failed to establish his counsel was ineffective in failing to object to the court's instruction. Petitioner's counsel was not required to make frivolous objections. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

### H. Enhancement

Petitioner argues his counsel was ineffective when counsel failed to object to the enhancement for his previous felony conviction of injury to a child. Petitioner claims his counsel should have objected that this evidence was improper impeachment evidence under Texas Rule of Evidence 609, and that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under Texas Rule of Evidence 403.

Petitioner has failed to show that his prior conviction was inadmissible. Petitioner's aggravated assault charge was a second-degree felony. *See* Tex. Penal Code § 22.02(b). Under Texas law, Petitioner's previous felony conviction for injury to a child raised his punishment to a first-degree felony. *See* Tex. Penal Code § 12.42(b). Therefore, to enhance Petitioner's punishment, the State was required to prove the prior felony under § 12.42(b). Petitioner's ineffective assistance of counsel claim is without merit.

### I. Appellate Counsel

Petitioner argues his appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claims on direct appeal. As discussed above, Petitioner's trial counsel claims are without merit. He has therefore failed to establish that appellate counsel was ineffective for failing to raise these claims.

15

3.  Trial Court

Petitioner claims the trial court abused its discretion when it denied his request to poll the jury on the deadly weapon finding.

The record shows that after the verdict was read, the court asked the parties if they wanted the jury polled. (ECF No. 20-7 at 85.) Defense counsel requested that the jury be polled, and stated:

> I specifically request each member of the jury to be asked if they based their verdict on the fact that the deadly weapon was a knife as stated in the Indictment, or if anyone based their verdict on the fact that it might have been a fist.

(*Id.* at 86.) The court denied the request to poll the jury about the deadly weapon finding, but the court did poll the jury as to their verdict. (*Id.* at 86-87.) Petitioner argues the court's failure to poll the jury about the deadly weapon finding violated both Texas law and his constitutional rights.

Petitioner's state law claim is without merit. Federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See* 28 U.S.C. § 2254(a) (stating the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States."); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

Petitioner has also failed to show a violation of federal law. He has cited no federal or constitutional authority entitling him to poll the jurors as to the basis for their deadly weapon finding. Petitioner's conclusory claim should be denied.

16

*See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

4. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts considering the evidence presented in the state court proceedings.

### III.

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed November 9, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).