IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RONALD DARRIN COMBS,** | § | |
| Petitioner, | § § § | |
| v. | § | Civil Action No. 3:17-CV-1302-L (BT) |
| **LORIE DAVIS, Director TDCJ-CID,** | § § § | |
| Respondent. | § | |

## ORDER

Before the court is Ronald Darrin Combs's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 3), filed May 16, 2017; Lorie Davis's ("Respondent") Response (Doc. 18), filed October 16, 2017; and Petitioner's Reply (Doc. 28), filed December 21, 2017. On November 9, 2018, United States Magistrate Judge Rebecca Rutherford entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the motion be denied with prejudice for failure to make a substantial showing of the denial of a federal right regarding his claims based on ineffective assistance of counsel and the state trial court's denial of his request to poll the jury on the deadly weapon finding. On November 30, 2018, Petitioner filed two Motions for Extension of Time to File an Objection to the Report (Docs. 34 and 35) on the basis that the law library in the correctional facility was closed during the Thanksgiving, Christmas, and New Year's holidays and restricted his ability to use it until it reopened on January 3, 2019. On December 6, 2018, the court granted the motion and extended the deadline to January 15, 2019. On January 10, 2019, Petitioner mailed his Objections to the court (Doc. 37).

**Order – Page 1**

Petitioner's Objections merely restate various bases for his ineffective assistance of counsel claims. First, Petitioner reasserts that his counsel failed to object to the deadly weapon language in the jury charge, and he contends that his counsel was "fully aware the charging instrument did not charge the petitioner for a deadly weapon offense." Doc. 37 at 1-2. Second, Petitioner reasserts that counsel failed to object that the knife was seized without a search warrant to search the camper. Petitioner contends that there was insufficient evidence that Cammie Holley had any ownership or control over the camper to authorize law enforcement to enter it and seize the knife. Third, Petitioner reasserts that his counsel failed to object that his arrest was unlawful because law enforcement did not have an arrest warrant. These objections are **overruled** because the magistrate judge thoroughly addressed these arguments in the Report, and Petitioner neither acknowledges nor responds to those findings. The magistrate judge reviewed the state court record and determined that the jury charge tracked the indictment and that, under Texas law, Cammie Holley provided the police officers with implied consent to search the camper, which authorized them to make a warrantless arrest of Petitioner and seize the knife.

Having reviewed the record in this case, Report, and applicable law, and having conducted a de novo review of the Report to which objections were made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Petition for Writ of Habeas Corpus (Doc. 3) for failure to make a substantial showing of the denial of a federal right and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court denies a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

**It is so ordered** this 31st day of January, 2019.

Sam A. Lindsay
United States District Judge

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

  (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

  (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.